# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED

SEP - 1 2009

WILLIAM B. GUTHRIE
Clerk, U.S District Court
By_____
Deputy Clerk

ANTONE L. KNOX, )
)
Plaintiff, )
)
v. ) No. CIV 08-195-RAW-SPS
)
CRYSTA PINK-ROBERTS, )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment [Docket #62-63], plaintiff's motion for temporary restraining order and preliminary injunction [Docket #73], and plaintiff's motion to amend [Docket #74]. The court has before it for consideration plaintiff's complaint [Docket #1], the parties' motions and responses, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court [Docket #61], in accordance with *Martinez v. Aaron*, 570 F.2d 317.

Plaintiff, an inmate in the custody of DOC who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The defendants are Crysta Pink-Roberts, OSP A-Unit Manager; Debbie Aldridge, OSP H-Unit Manager; Neamyra Riddle, OSP A-Unit Manager; Amy Thomas, OSP A-Unit Manager; Keith Sherwood, OSP A-Unit Case Manager; Darrell Wilson, C-Unit Manager; Kristi Munholland, F-Cellhouse Case Manager; Jessica Smith, OSP Case Manager; Ron Parker, OSP Property Officer; Marty Sirmons, OSP Warden; Linda Morgan, OSP

Deputy Warden; Kevin Ward, DOC Secretary of Safety and Security; Justin Jones, DOC Director; Bobby Boone, DOC Deputy Director; Dennis Cotner, DOC Medical Services Administrator; Chester Mason, OSP Health Services Administrator; Judy Brewster, OSP Unit Secretary; Dr. Doyle Stewart, OSP Physician; Dr. Miller, OSP Opthamologist; and David Orman, OSP Mailroom Supervisor.[1,2] Plaintiff also names Unknown OSP Universal Aryan Brother A-Unit Orderlies as defendants.

In an extremely long and rambling complaint, plaintiff alleges in Count I that there has been a campaign of harassment and retaliation against him, in violation of the Eighth and Fourteenth Amendments. Plaintiff apparently is asserting in Count II that his First Amendment rights of free speech, religion, the press, assembly, and to petition the government were violated. He claims a violation of the Americans with Disabilities Act in Count III.

Plaintiff makes allegations of racism against black inmates by prison officials, denial of mail and law library access, and inadequate indigent hygiene products. The black inmates allegedly are denied jobs, schooling, GED and other programs, earned credit promotions, and transfer packets. In addition, false misconducts are issued against black inmates. Plaintiff

---

[1] According to the unexecuted returned summons for Defendant Dennis Cotner [Docket #55], he no longer is employed at DOC.

[2] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

further claims the defendants have stolen, withheld, and destroyed his property. Also, his religious food and water have been poisoned.

Plaintiff alleges he was severely beaten by prison officials on March 22, 2004, and he was pepper-sprayed in his eyes. He allegedly was not allowed any water, and when Dr. Stewart finally saw him, no treatment was given. He claims the incident has caused him to suffer with serious vision problems. He allegedly did not receive any treatment until he filed an emergency medical grievance on April 17, 2007. On September 5, 2007, his dark glasses were taken from him, resulting in additional beatings by certain defendants. He claims he is unable to see, and he has to have other inmates read and write for him, but he has been denied tinted glasses or a medical transfer to another facility. Plaintiff asserts he also was beaten on May 14, 2007, and on July 23, 2007. On September 21, 2007, the defendants beat and stabbed him, refused him medical treatment, and took his property. The defendants allegedly control black inmates by stabbing, beating, and killing them in retaliation and to silence them for exposing racial profiling and discrimination.

Plaintiff has been in extreme pain since September 2007, and he needs his medications increased. Defendants Bobby Boone and Justin Jones allegedly are aware of the events of which plaintiff is complaining, but they have failed to investigate and remedy the problems. Plaintiff maintains his attempts to address these issues through the administrative remedies process have gone unanswered.

He is asking for monetary damages and, among other things, an injunction against certain defendants, their racist white inmate gangs, and their racist white family members, including the defendants' siblings, cousins, uncles, aunts, spouses, ex-spouses, nephews,

nieces, grandparents, and parents. Plaintiff wants the requested injunction to include members of the Freemason Society, Prince Hall Masons, Mason Muslims, etc., to prevent future murder attempts against him.

The defendants allege plaintiff is a chronic grievance filer who contends all his grievances are emergencies, regardless of the subject matter, and plaintiff has failed to exhaust his administrative remedies in accordance with DOC's written grievance procedures. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, 549 U.S. 199 (2007). Proper exhaustion under the PLRA contemplates full compliance with all agency deadlines, including the deadlines enumerated in a prison's grievance procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .").

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If communication with staff is unsuccessful, he may submit a Request to Staff within seven calendar days of the incident. If the complaint still is not resolved, he then may file a grievance to the reviewing authority or facility correctional health services administrator, whichever is appropriate, within 15 calendar days of the incident or of the date of the response to the Request to Staff, whichever is later. The reviewing authority may extend the submission period up to 60 days for good cause. The inmate may appeal the grievance response to the administrative review authority or chief medical officer, whichever is appropriate, within 15 calendar days of receipt of the grievance response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

The defendants allege there is no record of plaintiff's filing a grievance alleging he was beaten, kicked, or stabbed on September 21, 2007, and the named defendants deny plaintiff's allegations through their affidavits [Docket #61, Attachments 27-35]. Plaintiff's only grievance concerning events on September 21, 2007, was an "emergency" grievance to the DOC Director's Designee, dated December 13, 2007 [Docket #61, Attachment 2]. The attempted grievance complained that when plaintiff was moved from his unit, his legal paperwork, personal letters, pictures, and his religious and hygiene materials were kept in the property room in retaliation for his filing complaints. DOC Director's Designee Debbie Morton returned the grievance unanswered, because it was not of an emergency nature [Docket #61, Attachment 3].

On April 4, 2008, plaintiff submitted another "emergency" grievance directly to the

5

Director's Designee, alleging Defendants Morgan, Pink-Roberts, and Sirmons, as well as Warden's Assistant Crenshaw, had refused to answer his Requests to Staff. He apparently was complaining about alleged racial profiling, prejudice, his security level, and the denial of a transfer to Florida State Prison [Docket #61, Attachment 4]. He also claimed he feared for his life, because he had exposed corruption, murders, and embezzlement of prisoner funds. The Director's Designee returned the grievance, again because it was not of a sensitive or emergency nature. Plaintiff was advised to follow the standard grievance process [Docket #61, Attachment 5].

Plaintiff filed additional "emergency" grievances dated April 28, 2008, and May 9, 2008, concerning his food, his draw account, hygiene items, legal mail, showers, retaliation, and stolen or destroyed personal property [Attachments 6, 9, and 11]. All were returned, because they were not of a sensitive or emergency nature, and plaintiff was informed each time that he had to follow the standard grievance process [Attachment 8, 10, and 12].

The defendants allege plaintiff has not submitted non-emergency Requests to Staff to the facility head concerning any of the issues in this lawsuit. Instead, he filed all his grievances as "emergencies" and sent them directly to the administrative review authority, who sent them back to him, in accordance with DOC grievance procedures. Plaintiff never followed DOC's instructions to resubmit the grievances as non-emergencies. Because plaintiff willfully did not comply with the grievance procedure, none of his improperly labeled grievances were answered or reviewed. The court, therefore, finds he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), and the deadlines for pursuing these remedies have passed.

**Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff has filed a motion for temporary restraining order and preliminary injunction [Docket #73]. The motion, however, asserts no specific allegations of harm or a specific request for relief. Instead, he references the complaint and merely lists his version of the requirements for issuance:

> (1) An ongoing, illegal practice by the defendant(s), and (2) that money damages will not fix my injury, (3) without the court's help you [sic] are likely to suffer further irreparable harm, (4) I am likely to succeed at trial, (5) I will suffer more if the injunction is further denied, than the defendant(s) will suffer if it is granted, and (6) a preliminary injunction will serve the public interest.

[Docket #73 at 1].

"It is well settled that a preliminary injunction is an extraordinary remedy, and that it should not be issued unless the movant's right to relief is 'clear and unequivocal.'" *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (quoting *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001)).

> The district court may grant a preliminary injunction if the party seeking it shows: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest.

*Kansas Health Care Ass'n v. Kansas Dep't of Soc. and Rehabilitative Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (citations omitted).

After careful review, the court finds plaintiff's motion is conclusory and insufficient. *See Blango v. Thornburgh*, 942 F.2d 1487, 1493 (10th Cir. 1991) (holding that the district court correctly denied injunctive relief when the petitioner's arguments "were merely conclusory reiterations of the requirements for an injunction couched in the form of

7

declarative statements"). One seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried." *Penn v. San Juan Hosp. Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (citations omitted). Plaintiff has failed to meet his burden.

**Motion to Amend**

After the defendants filed their special report and motion to dismiss, plaintiff filed an "emergency declaration" to amend his complaint by adding more than 100 defendants and adding counts against the defendants [Docket #74]. He alleges in his brief in support of the motion [Docket #75] that the defendants have retaliated against him since he filed this lawsuit by making many attempts to kill him, filing a false misconduct report against him, repeatedly raping and beating him, repeatedly shaking down his cell, and confiscating his legal and personal documents and his television. He further complains he was denied a transfer packet to another facility, and he has not received hygiene items.

Initially, the court notes that plaintiff did not submit a proposed amended complaint with the motion, as required by Local Civil Rule 9.2(c). More importantly, he has failed to show how the new defendants or counts relate back to his original complaint. Instead, he alleges the amended complaint concerns events that occurred after this case was filed. The court, therefore, finds that plaintiff's sparsely detailed and unsupported allegations do not justify an amended complaint. Furthermore, there is no indication plaintiff has exhausted any of the new claims he now wants to present to the court. Plaintiff may present these claims in a new civil rights action on the form available from the Court Clerk.

**ACCORDINGLY,** plaintiff's motion for temporary restraining order and preliminary injunction [Docket #73] and his motion to amend [Docket #74] are DENIED. The

defendants' motion to dismiss [Docket #62] is GRANTED, this action is, in all respects, DISMISSED, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED** this 1st day of September 2009.

_Ronald A. White_
RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**